UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:17 CR 239 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| TYRONE GILBERT, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending before the court in the above-captioned case is Defendant Tyrone Gilbert's ("Defendant") Motion to Withdraw Guilty Plea (ECF No. 46). For the following reasons, the court denies Defendant's Motion.

**I. BACKGROUND**

On or about June 21, 2017, Defendant was indicted for being a felon in possession of a firearm and for possessing with intent to distribute narcotics. Defendant entered into a plea agreement with the Government, whereby Defendant agreed, among other things, to plead guilty to all three counts in the Indictment. The plea agreement also acknowledges Defendant's prior conviction, and stated that Defendant's prior felony drug conviction invokes the penalty enhancement provisions, which would increase Defendant's mandatory minimum to 20 years' imprisonment and a possible maximum of life incarceration. The plea agreement was signed and memorialized during a plea hearing on September 11, 2018.

On December 12, 2018, the court granted Defendant's motion to continue sentencing to await the outcome of the passage of the First Step Act. On February 1, 2019, Defendant filed this Motion to Withdraw Guilty Plea, arguing that the parties need to discuss and negotiate a new

agreement that includes the new sentencing provision so that an updated presentence investigation report can be prepared, incorporating changes under the First Step Act. In particular, Defendant requests to withdraw the current plea agreement and enter a new guilty plea that reflects the First Step Act's new treatment of Defendant's previous conviction, which no longer constitutes a predicate offense for sentence enhancement purposes.

The court held a status conference hearing on February 11, 2019, and stated that it would hold a decision on Defendant's Motion in abeyance pending the Government's response. The Government filed their opposition to Defendant's Motion on February 22, 2019, and Defendant replied on February 26, 2019.

**II. LAW AND ANALYSIS**

Federal Rule of Criminal Procedure 11(d) provides that a defendant may withdraw a guilty plea after the court accepts the plea, but before sentencing, if "the defendant can show a fair and just reason for requesting the withdrawal." In making this determination, courts consider the totality of the circumstances, including the following seven factors: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994). These factors are non-exclusive and no one factor is controlling. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

Defendant has not represented that he intends to actually withdraw his plea of guilty, but requests only to rescind and amend the plea agreement to reflect his qualification under the First Chance Act for a sentencing reduction. However, the entering of Defendant's guilty plea was not conditioned upon the passage of the First Step Act. Having entered Defendant's plea of guilty, the court then agreed that it would delay sentencing, without objection from the Government, so that Defendant might receive the benefit of the new law. Now having gotten the benefit of the continuance, Defendant is seeking further delay. Moreover, Defendant does not argue that any of the above factors apply in his case.

Considering the totality of the circumstances, the court declines to grant Defendant's Motion. Defendant has not met any of the seven factors, and his reasons for withdrawing his guilty plea are unpersuasive. With respect to his concerns with updating the record to reflect recent statutory changes, Defendant is entitled to the application of the First Step Act at his sentencing as a matter of law. In other words, Defendant will automatically receive the benefit of the First Step Act's reclassification of predicate offenses for enhancement during his sentencing. At the sentencing hearing, the court may also order amendments to the presentencing report to reflect the effect of the First Step Act. For these reasons, Defendant's Motion is hereby denied.

### III. CONCLUSION

For the foregoing reasons, the court denies Defendant's Motion to Withdraw Guilty Plea (ECF No. 48). The court shall issue a separate order to reset the date for sentencing.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 15, 2019